UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HURSEN PATIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3071** |
| **JAMES LEBLANC, SECRETARY, JEFFERY TRAVIS, REGIONAL WARDEN, AND ROBERT TANNER, RAYBURN CORRECTIONAL CENTER - HEAD WARDEN** | **SECTION "C"(4)** |

## ORDER AND REASONS

The plaintiff, Hursen Patin, filed a **Motion to Reconsider Declaration for Entry of Default (Rec. Doc. No. 14)**, asking for reconsideration of the Clerk of Court's denial of his prior motion for entry of default. The Clerk of Court has placed the motion on the docket of the undersigned Magistrate Judge.

On January 18, 2012, Patin filed a Motion for Entry of Default alleging that the defendants, Secretary James LeBlanc, Warden Jeffery Travis, and Warden Robert Tanner, failed to file an answer after having been served with summons on December 29, 2011.[1] His motion was denied by the Clerk of Court on January 12, 2012 without stated reasons.[2]

---

[1] Rec. Doc. No. 11.

[2] Rec. Doc. No. 12.

The record reflects that the U.S. Marshal's Service served defendant Tanner on December 29, 2011 and defendant LeBlanc on January 4, 2012.[3] The summons issued to defendant Travis was returned by the U.S. Marshal's service as unexecuted marked "subject not employed at facility."[4]

As the record shows there has been no service made on defendant Travis. Patin is not entitled to entry of default where no service is made. Fed. R. Civ. P. 55.

Defendants Tanner and LeBlanc were served and have not filed an answer or responsive pleading in the time allowed by the Fed. R. Civ. P. 12. However, pursuant to 42 U.S.C. § 1997e(g)(1), the defendants are not required to reply to Patin's complaint challenging the conditions of his confinement at the B.B. "Sixty" Rayburn Correctional Center. The law also forbids the Court to grant relief to Patin, including a default judgment, unless a reply has been filed by the defendants. 42 U.S.C. § 1997e(g)(1).[5] Patin is not entitled to entry of default, and he has presented no basis for the Court to reconsider the denial issued by the Clerk of Court. Accordingly,

**IT IS ORDERED** that Patin's **Motion to Reconsider Declaration for Entry of Default (Rec. Doc. No. 14)** is **DENIED**.

New Orleans, Louisiana, this  3rd  day of February, 2012.

```
                              _____
                                    KAREN WELLS ROBY
                              UNITED STATES MAGISTRATE JUDGE
```

---

[3] Rec. Doc. Nos. 8 and 10.

[4] Rec. Doc. No. 9.

[5] The Court's review for frivolousness is pending. As such, the Court does not find a need at this time to order an answer from the defendants under § 1997e(g)(2).